# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **FIRST COMMUNITY BANK OF CENTRAL ALABAMA,** | )<br>)<br>) |
| **Plaintiff** | )<br>) |
| v. | ) **CASE NO. 2:18-cv-482-ECM**<br>) |
| **GEORGE P. WALTHALL, JR., et al.,** | )<br>)<br>) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff First Community Bank of Central Alabama filed a Complaint in the Circuit Court of Autauga County, Alabama, on August 24, 2017. (Doc. 1-1). The Complaint alleged claims against Defendants George P. Walthall, Jr., the Internal Revenue Service (the "IRS"), and three parcels of land in Autauga County (the "Property"). The Complaint sought a judicial foreclosure as to the Property, alleged breach of a promissory note and unjust enrichment against Defendant Walthall, and two counts seeking a declaration of quiet title to the Property free from any IRS liens. On January 23, 2018, the IRS answered the Complaint in the state court. (Doc. 1-2). On April 9, 2018, the IRS filed a motion for summary judgment in the state court. On April 26, 2018, Plaintiff moved for leave to file an Amended Complaint

in the state court "substituting the United States as a party Defendant in the place of the Internal Revenue Service." (Doc. 1-4 at 1). The state court granted Plaintiff's motion to amend the complaint on April 29, 2018. (Doc. 1-5 at 41). On May 10, 2018, the United States removed this action to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444. (Doc. 1). This matter comes before the Court on Plaintiffs' Motion to Remand. (Doc. 4). This matter has been fully briefed and taken under submission.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A federal district court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Therefore, a federal court is obligated to inquire into subject matter jurisdiction "at the earliest possible stage in the proceedings." *Id.* at 410. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Moreover, "[c]ourts have an independent obligation to determine

whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Defendant United States removed the action to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444, stating that "[t]he United States Attorney's Office first received a copy of the amended complaint on 26 April 2018, and this removal is timely under 28 U.S.C. § U.S.C. 1446(b)(1)." (Doc. 1 at ¶ 3). Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in pertinent part that "[a] civil action … that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof…." Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence, and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446. The federal removal statute sets forth the proper procedure for removal of state actions to federal court and provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

The Eleventh Circuit has clarified the requirements of this statutory provision:

> Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists.

*Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007)(citations and quotation marks omitted). According to the *Lowery* court, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id.* (citations omitted).

The parties do not dispute that as an action brought under 28 U.S.C. § 2410 in which Plaintiff seeks quiet title to real property on which the United States has or claims a lien, this case is otherwise removable to this Court pursuant to § 1444. Rather, the issue before this Court on Plaintiff's motion to remand is whether this motion was removed within the statutorily mandated time based on the service to and participation of the United States as a party in the state court action.

Plaintiff filed its original Complaint in state court on August 24, 2017, naming the IRS as a Defendant, specifically stating that the "Internal Revenue Service (hereinafter referred to as 'IRS') is a United States agency." (Doc. 1-1 at ¶ 3). A civil summons in the state court action was served by certified mail upon the "US Attorney Middle District of Alabama, Clark Morris 131 Clayton Street, Montgomery, AL 36104." (Doc. 1-5 at 2). The United States Attorney entered an appearance on behalf of the IRS on September 27, 2018, and that same day filed a motion to dismiss, arguing that "the IRS is not a proper party defendant in a suit under § 2410, and First Community's claims against the IRS, as opposed to the United States itself, should be dismissed on sovereign immunity grounds." (Doc. 1-5 at ¶ 9). The state court set a hearing for January 9, 2018 on the IRS's motion to dismiss. *Id.* at 17. On January 9, 2018, the state court entered an order stating that "Motion to Dismiss is denied as no defendant or representative appearing." *Id*. at 18. The IRS filed its Answer to the state court Complaint on January 23, 2018. *Id.* at 19-

24. The state court scheduled the matter for trial on May 29, 2018. *Id.* at 26. The IRS filed a motion for summary judgment in the state court on April 9, 2018, again arguing that the claims against the IRS, as opposed to the United States, should be dismissed on the grounds of sovereign immunity. *Id.* at 31. On April 26, 2018, Plaintiff moved the state court for leave to amend its Complaint "to substitute the United States of America on behalf of the Internal Revenue Service for the Internal Revenue Service as a party Defendant," which the state court granted on April 29, 2018. *Id.* at 38, 41.

Plaintiff's argument is that "[t]he U.S. could have removed the action at the time of its original filing. Stated differently, although the U.S. rather than the IRS is the proper party, a misnomer does not preclude removal under 28 U.S.C. § 1444." (Doc. 5 at 9). Plaintiff further argues that "the U.S. manifested an intent to litigate in the state court by filing a general notice of appearance, foregoing its right to intervene, filing a Motion to Dismiss and a Motion for Summary Judgment before it sought to remove the case." *Id.* at 4. The United States argues in response that its removal was timely because it was filed on "May 10, 2018, well within 30 days of receipt of the amended complaint first naming it as a defendant…" (Doc. 10 at ¶ 3). Specifically, the United States argues that the 30-day removal window provided in 28 U.S.C. § 1446(b) was not triggered until "receipt by *the defendant*," i.e., the

United States as opposed to the IRS. *Id.* at ¶ 5 (citing § 1446(b))(emphasis added by the United States).

The Supreme Court has held

> The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' *Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947), or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' *Larson v. Domestic & Foreign Corp.*, *supra*, 337 U.S. at 704, 69 S.Ct. at 1468, 93 L.Ed. 1628; *Ex parte New York*, 256 U.S. 490, 502, 41 S.Ct. 588, 591, 65 L.Ed. 1057 (1921).

*Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed. 2d 15 (1963).

The United States cites a single case from the Fifth Circuit, *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181 (5th Cir. 1988), to support its argument that "[a]lthough the IRS is a part of the Department of the Treasury, an agency of the United States, they are not the same party." (Doc. 10 at ¶ 10). However, *Galvin* stands for the specific holding that "[i]n view of th[e] explicit statutory language [of the FTCA], the courts have consistently held that an agency or government employee cannot be sued *eo nomine* under the Federal Tort Claims Act." *Id.* at 183. The Fifth Circuit's narrow holding specifically referred to 28 U.S.C. § 2679(a), which provides that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." This case

7

does not involve any claims pursuant to the FTCA, and the holding in *Galvin* is inapposite to the determination of Plaintiff's motion.[1]

When reviewing quiet title actions, the Eleventh Circuit has spoken interchangeably of the United States and its agency the IRS. *See DelVecchio v. I.R.S.*, 360 F. App'x 104, 109 (11th Cir. 2010) ("Under federal law, 'the United States may be named a party in any civil action or suit in any district court ... to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien.' 28 U.S.C. § 2410(a)."); *Stoecklin v. United States*, 943 F.2d 42, 42 (11th Cir. 1991) ("In this appeal, the appellant, Kenneth A. Stoecklin ('Stoecklin'), requests this court to vacate the district court's dismissal of his complaint against the Internal Revenue Service ('IRS') for lack of subject matter jurisdiction."); and *Tompkins v. United States*, 946 F.2d 817, 818 (11th Cir. 1991) ("In this action to quiet title, defendant-appellant Internal Revenue Service appeals an adverse district court summary judgment enjoining the IRS from seizing the property in question

---

[1] Moreover, the degree extent to which *Galvin* is inapposite to the case at bar is underscored by the fact that the Fifth Circuit held that "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin*, 860 F.2d at 183. If the holding in *Galvin* were as the United States has suggested, the resolution would not be to deny Plaintiff's motion to remand but to enter an order of dismissal for want of subject matter jurisdiction. *See Bradley, Arant, Rose & White v. United States*, 802 F.2d 1323, 1325 (11th Cir. 1986) ("A district court has no jurisdiction of a lawsuit removed to it from a state court which itself lacks jurisdiction of the subject matter or the parties. *Minnesota v. United States,* 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939).").

and holding that plaintiff-appellee's interest in the property is superior to that of the IRS.").

In *Salery v. United States*, 373 F. App'x 29 (11th Cir. 2010), the Eleventh Circuit analyzed a similar procedural issue regarding the timeliness of removal of an action brought under 28 U.S.C. § 2410.

> We review *de novo* a district court's removal jurisdiction. *Henson v. Ciba–Geigy Corp.,* 261 F.3d 1065, 1068 (11th Cir. 2001). Salery argues that the district court erred in removing his case to federal court because the government's notice of removal was untimely filed. This argument is without merit.
>
> First, the government properly removed his case to federal court. Under 28 U.S.C. § 1442(a), the United States may remove to federal court any case to which it is named a party defendant. A suit will be deemed against the sovereign "if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963) (quotations and citations omitted). Here, Salery's complaint is properly deemed a suit against the sovereign because it named the IRS commissioner as the defendant. Thus, 28 U.S.C. § 1442(a) provides a basis for removal jurisdiction. Additionally, for suits against the United States brought under 28 U.S.C. § 2410 (the federal quiet title statute), 28 U.S.C. § 1444 provides an independent basis for removal from state to federal court.
>
> Section 1444 provides that "[a]ny action brought under § 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." Because Salery claimed he was bringing his action under 28 U.S.C. § 2410 in his objection to the government's motion to dismiss, the government was

9

> also authorized to remove the case to federal court pursuant to 28 U.S.C. § 1444.
>
> Second, the government timely filed its notice of removal with the district court. Salery argues that the government's notice of removal was untimely because the certified docket shows that removal did not take place until May 4, 2009. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. 1446(b). The government's notice of removal complied with the 30–day filing requirement. Salery's complaint was filed on March 30, 2009, and the government filed its notice of removal on April 29, 2009. The fact the district court did not *docket* removal until May 4 has no bearing on our analysis of the government's timely *filing* of notice of removal. *Cf. Bragg v. Bill Heard Chevrolet, Inc.,* 374 F.3d 1060, 1064 n. 4 (11th Cir.2004) (concluding that notice of appeal was timely filed even though the clerk did not docket the motion until after the appeal period because pleadings are deemed filed on the date submitted to the clerk, not the date of docketing). In sum, the government properly removed Salery's civil action to the federal district court.

*Salery*, 373 F. App'x at 30–31.

In the United States' response brief, it admits that "the IRS could have removed the claim against it," that "the IRS missed its removal deadline," and that "the IRS is a part of the Department of the Treasury, an agency of the United States…" (Doc. 10 at ¶ 7, 10). Nevertheless, the United States argues that "[t]he United States and the IRS are distinct parties…" *Id.* at ¶ 7. This is true only to the extent that the United States may be a party to an action that does not implicate the IRS, but the IRS can never be a party to an action that does not implicate the United

States, specifically because it is an agency of the United States, and that an action against the IRS is an action against the sovereign. *Dugan*, 372 U.S. at 620. Just as the Eleventh Circuit ruled that "Salery's complaint [was] properly deemed a suit against the sovereign because it named the IRS commissioner as the defendant," so Plaintiff's original and amended state court complaints are both properly deemed a suit against the sovereign because it named the IRS as a defendant. *Salery*, 373 F. App'x at 30. The real party in interest, and the proper party to name as a defendant in actions under § 2410, is the United States. However, there is no binding authority which suggests that naming the IRS rather than the United States as the original defendant to a quiet title action is fatal to subject matter jurisdiction. Rather, the decisions of the Eleventh Circuit indicate that on those rare occasions, such actions are deemed against the sovereign, and the matter proceeds as normal.

"After removal, state court proceedings are treated as those of the district court, *Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir.1937), and the district court naturally is able to reexamine its own proceedings." *Jackson v. Am. Sav. Mortg. Corp.*, 924 F.2d 195, 198 (11th Cir. 1991). In this case, it is clear that the United States has been served, on notice, and actively involved in the litigation of this case from the beginning. Service was accomplished exactly as contemplated in 28 U.S.C. § 2410(b), which provides that

> In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint

upon the United States attorney for the district in which the action is brought…. In such actions the United States may appear and answer, plead or demur within sixty days after such service or such further time as the court may allow.

*Id.* The United States appeared on behalf of the IRS, answered the Complaint, litigated through a motion to dismiss and a motion for summary judgment, and allowed the removal deadline lapse. Substituting the United States for the IRS as the real party in interest does not implicate any notice, interest, or even representation not already present in the case from the beginning.

Accordingly and for the reasons discussed herein, it is

**ORDERED** that Plaintiff's motion to remand (Doc. 4) be and is **GRANTED**.

This action is **REMANDED** to the Circuit Court of Autauga County, Alabama. The Clerk of the Court is **DIRECTED** to take appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this 5th day of April 2019.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE